UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| STRIKE 3 HOLDINGS, LLC<br><br>v.<br><br> | §<br>§<br>§<br>§<br>§ | |
|---|---|---|
| JOHN DOE, SUBSCRIBER ASSIGNED IP ADDRESS 71.136.190.89 | §<br>§<br>§ | CIVIL NO. 4:22-CV-459-SDJ<br>LEAD CASE |
| JOHN DOE, SUBSCRIBER ASSIGNED IP ADDRESS 24.32.5.16 | §<br>§<br>§ | CIVIL NO. 4:25-CV-1263-SDJ |

**MEMORANDUM OPINION AND ORDER**

The Court previously granted Plaintiff Strike 3 Holdings, LLC leave to serve third-party subpoenas to various John Doe Defendants' internet service providers (ISPs) to ascertain the identities of the John Does who, as of now, are identifiable only by their IP addresses. Now before the Court is Plaintiff's Motion for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference, (Dkt. #194). Plaintiff's motion pertains to member case 4:25-CV-1263-SDJ, which was recently consolidated with the lead case, No. 4:22-CV-459-SDJ, (Dkt. #193).

The motion seeks the same relief as Strike 3's prior motions for leave: permission to issue to the newly added John Doe Defendant's ISP a non-party subpoena requesting the John Doe's identifying information. After reviewing the motion and the applicable law, the Court **GRANTS** the motion.

## I. Background

Strike 3 alleges that it owns the copyright for a number of adult films produced by Strike 3 and distributed via its streaming websites and DVDs. Strike 3 also alleges that the consolidated John Doe has used the BitTorrent protocol[1] to download Strike 3's films and redistribute those films to others without Strike 3's permission, thereby infringing Strike 3's copyrights. Strike 3 further alleges that, using software that it developed, it has scanned and detected digital media files found online that consist of infringing copies of Strike 3's copyrighted films and, according to Strike 3, those copyright-infringing digital-media files were uploaded by the John Doe as identified by his IP address.

Now Strike 3 wishes to uncover the identity of the John Doe so that he may be served with process in these actions. To do so, Strike 3 asserts that it must be permitted to issue to the John Doe's ISP a non-party subpoena requesting the John Doe's identifying information.

## II. Legal Standard

Federal Rule of Civil Procedure 26(d)(1) provides that a party may not seek discovery from any source before the parties have a conference except in proceedings preempted by Rule 26(a)(1)(B) or when authorized by the Federal Rules, by stipulation, or by court order. FED. R. CIV. P. 26(d)(1). Although the Federal Rules do

---

[1] BitTorrent refers to "[a] proprietary name for: a peer-to-peer file transfer protocol for sharing large amounts of data over the internet, in which each part of a file downloaded by a user is transferred to other users in turn" or "a software client which transfers files using this protocol." *BitTorrent (n.)*, Oxford English Dictionary (July 2023), https://doi.org/10.1093/OED/3258086275.

not provide an exact standard for a court to grant such authorization, several federal courts within the Fifth Circuit, including the Eastern District of Texas, have used a "good cause" standard to determine whether a party is entitled to early discovery. *See, e.g., Huawei Techs. Co. v. Yiren Huang*, No. 4:17-CV-893, 2018 WL 10127086, at *1 (E.D. Tex. Feb. 13, 2018); *Combat Zone Corp. v. Does 1–2*, No. 2:12-CV-00509, 2012 WL 6684711, at *1 (E.D. Tex. Dec. 21, 2012); *Ensor v. Does 1–15*, No. A-19-CV-00625-LY, 2019 WL 4648486, at *1 (W.D. Tex. Sept. 23, 2019); *Greenthal v. Joyce*, No. 4:16-CV-41, 2016 WL 362312, at *1 (S.D. Tex. Jan. 29, 2016); *St. Louis Grp. v. Metals & Additives Corp.*, 275 F.R.D. 236, 239–40 (S.D. Tex. 2011).

To analyze the existence of good cause, "a court must examine the discovery request 'on the entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances.'" *Huawei*, 2018 WL 10127086, at *1 (quoting *St. Louis Grp.*, 275 F.R.D. at 239). In a good-cause analysis, the court weighs five factors: (1) whether the plaintiff has made a prima facie case of actionable harm; (2) the specificity of the discovery request; (3) the absence of alternative means to obtain the subpoenaed information; (4) whether there is a central need for the subpoenaed information to advance the claim; and (5) the user's expectation of privacy. *Combat Zone*, 2012 WL 6684711, at *1.

Specifically, when "a party seeks a subpoena for identifying information of anonymous Internet users . . . 'the court must also balance the need for disclosure against the defendant's expectation of privacy.'" *Ensor*, 2019 WL 4648486, at *2 (quoting *Malibu Media, LLC v. Doe*, SA-19-CV-00601, 2019 WL 3884159, at *1

(W.D. Tex. Aug. 16, 2019)). The court, when determining whether to authorize early discovery, enjoys "broad discretion to tailor discovery narrowly and to dictate the sequence of discovery." *Arista Records LLC v. Does 1–19*, 551 F.Supp.2d 1, 6 (D.D.C. 2008) (quoting *Crawford–El v. Britton*, 523 U.S. 574, 598, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998)).

### III. DISCUSSION

The Court concludes that Strike 3 has demonstrated good cause and thus is entitled to limited early discovery for the purpose of identifying the unknown defendant.

### A. Strike 3 Has Made a *Prima Facie* Case of Actionable Harm.

The Copyright Act gives a copyright owner "the exclusive right to reproduce the copyrighted work and display it publicly." *BWP Media USA, Inc. v. T & S Software Assocs., Inc.*, 852 F.3d 436, 438 (5th Cir. 2017) (quoting 17 U.S.C. § 106(1), (5)) (cleaned up). "Anyone who violates any of the exclusive rights of the copyright owner as provided by section 106 is an infringer." *Id.* at 438–39 (quoting 17 U.S.C. § 501(a)) (cleaned up). Thus, generally, a plaintiff must prove two elements to establish copyright infringement: (1) the plaintiff's ownership of a valid copyright; and (2) the defendant's copying of constituent elements of the work that are original. *Id.* at 439 (citing *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361, 111 S.Ct. 1282, 113 L.Ed.2d 358 (1991)).

Strike 3 alleges that it is the owner of the copyright being infringed and that the John Doe has reproduced or distributed the copyrighted work without Strike 3's authorization using an internet account identifiable by IP address. In support of these

allegations, Strike 3 has presented affidavit testimony setting forth that Strike 3 owns the copyright at issue and that copyrighted works were uploaded or downloaded via the alleged IP address. *See* (Dkt. #194-1, #194-2, #194-3). Thus, Strike 3 has established a prima facie copyright-infringement claim, and this factor weighs in favor of granting its motion for leave to serve a third-party subpoena. *See FUNimation Ent. v. Does 1 – 1,427*, No. 2:11-CV-269, 2012 WL 12897376, at *2 (E.D. Tex. Mar. 16, 2012); *Combat Zone*, 2012 WL 6684711, at *2.

### B. Strike 3's Discovery Requests Are Specific.

From the ISP, Strike 3 seeks only the John Doe's contact information—the legal name and physical address of the John Doe—so that Strike 3 can properly serve him. Strike 3's "discovery request is sufficiently specific to establish a reasonable likelihood that the discovery request would lead to identifying information that would make possible service upon particular defendants who could be sued in federal court." *FUNimation*, 2012 WL 12897376, at *2. Thus, this factor also weighs in favor of granting Strike 3's motion. *See Combat Zone*, 2012 WL 6684711, at *2 (holding that, where the subpoena sought only the names, addresses, phone numbers, email addresses, and media access control addresses of the unidentified defendants, the discovery request was sufficiently "specific").

### C. Strike 3 Has A Central Need For, and No Alternative Means to Obtain, the Subpoenaed Information.

Strike 3 has already taken considerable steps on its own to uncover the John Doe's IP address, which Strike 3 was successful in obtaining. But Strike 3 has established that discovering the John Doe's legal name and physical address is not

5

feasible without a non-party subpoena to the ISP. *See Combat Zone Corp. v. Does 1–5*, No. 3:12-CV-4005-M, 2012 WL 5289736, at *2 (N.D. Tex. Oct. 26, 2012) (finding that "[w]ithout this Order . . . there does not seem to be any way for [Plaintiff] to identify the Defendants and, thus, to properly serve them"). Without the John Doe's name and address, Strike 3 will be unable to serve the John Doe, making this information critical to the litigation. *See FUNimation*, 2012 WL 12897376, at *2. Thus, the alternative-means and central-needs factors also weigh in favor of granting Strike 3's motion.

**D. Defendant's Privacy Interests Will Be Adequately Protected.**

Finally, the Court considers the privacy interests at stake and the implications of these interests on Strike 3's request for leave to issue a subpoena. Courts have held that "[i]nternet subscribers do not have an expectation of privacy in their subscriber information as they already have conveyed such information to their Internet Service Providers." *West Bay One, Inc. v. Does 1–1,653*, 270 F.R.D 13, 15 (D.D.C. 2010) (citing, among others, *Guest v. Leis,* 255 F.3d 325, 335–36 (6th Cir. 2001) ("Individuals generally lose a reasonable expectation of privacy in their information once they reveal it to third parties.")). Because the scope of Strike 3's requested subpoena is specific to a name and physical address, and because the Court simultaneously enters a protective order, Defendant's privacy interests will be adequately protected. Therefore, the privacy-interests factor also favors granting Strike 3's motion as to the ISP subpoena.

\*   \*   \*

Based on the entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances, and considering the good-cause factors above, the Court concludes that Strike 3 has shown good cause to support the granting of its motion.

### IV. SCOPE OF SUBPOENA

In balancing the need for disclosure of identifying information of an anonymous internet user against the defendant's expectation of privacy, a subpoena must be specific and adequately protect the defendant's privacy interests. *Ensor*, 2019 WL 4648486, at *3. "Courts typically include a protective order to allow a defendant the opportunity to contest the subpoena, thereby protecting the user's expectation of privacy." *Id.*

Strike 3's request that the ISP subpoena seek only the name and physical address of the John Doe Defendant is sufficiently narrow and specific to adequately protect the Defendant's privacy interests when combined with an appropriate protective order. *See Combat Zone*, 2012 WL 5289736, at *1 (granting leave to subpoena the names, addresses, telephone numbers, email addresses, and media access control addresses of Doe defendants); *see also Ensor*, 2019 WL 4648486, at *4 (explaining that the discovery sought from website operators was "narrowly tailored to the extent that it [sought] the anonymous Internet user's name, physical address, and IP address" but that the plaintiff's request for "any other information" relating to each anonymous user was not narrowly tailored and was acceptable "only to the

7

extent it [sought] other contact information, i.e., the user's email address"). The Court interprets the scope of Strike 3's discovery request as being limited to this specific contact information.

## V. CONCLUSION AND PROTECTIVE ORDER

For these reasons, the Court **GRANTS** Plaintiff's Motion for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference, (Dkt. #194).

The Court also enters the following Protective Order sua sponte to protect the respective interests of the parties and non-parties and to facilitate the progress of disclosure and discovery in this case. It is therefore **ORDERED** that:

1. Strike 3 may immediately serve a Rule 45 subpoena to CSC Holdings LLC (Optimum) (the "ISP"), which will be limited to the name, IP address, and physical address of the John Doe Defendant currently identifiable only by IP address. A copy of this Order must be attached to the subpoena.

2. The ISP will have **twenty days** from the date of service of the Rule 45 subpoena to serve the identified Defendant with copies of the subpoena and this Order. The ISP may serve the Defendant using reasonable means, including by email or written notice sent to the Defendant's last known address.

3. The Defendant will have **thirty days** from the date of service of the Rule 45 subpoena and this Order to file any motions with the Court contesting the subpoena as well as any request to litigate this subpoena

    anonymously. The ISP may not turn over a Defendant's identifying information before such thirty-day period has lapsed. Further, if the Defendant or the ISP files a motion to quash or modify the subpoena, the ISP may not turn over any information to Strike 3 until the Court rules on that motion.

4. If the thirty-day period expires without any motion contesting the subpoena, the ISP will have **ten days** thereafter to produce the subpoenaed information to Strike 3.

5. The ISP must take reasonable steps to preserve the subpoenaed information pending the resolution of any timely filed motion to quash. The ISP may file a motion to raise any undue burden caused by this preservation obligation.

Any information ultimately disclosed to Strike 3 in response to a Rule 45 subpoena may be used by Strike 3 only for the purpose of protecting its rights as asserted in its complaint. The information disclosed may only be used by Strike 3 in this litigation and may not be disclosed other than to counsel for the parties.

    **So ORDERED and SIGNED this 17th day of December, 2025.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE